| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| CURTIS JAMES MCGUIRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:19-CV-120 |
| | § | |
| SERGEANT BROWN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Curtis James McGuire, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Sergeant Brown and Lieutenant Cordele.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the action as frivolous and for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes

the objections are without merit. The magistrate judge correctly concluded that plaintiff's claims that he was denied access to the courts and deprived of personal property are frivolous and fail to state a claim upon which relief can be granted.

The right of access to the courts guarantees inmates a reasonably adequate opportunity to file non-frivolous cases challenging their convictions and the conditions of their confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). In order to state a claim for denial of access to the courts, an inmate must show that "an actionable claim [involving a challenge to a sentence or conditions of confinement] which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented. . . ." *Lewis v. Casey*, 518 U.S. 343, 356 (1996).

Plaintiff alleges that he did not have access to his personal and legal property while he was on bench warrant to Fort Bend County from January 15, 2019, through September 5, 2019. Plaintiff contends that his property includes letters from the victim which allegedly supported plaintiff's claims of innocence and a document that shows the victim was one of plaintiff's approved visitors at the prison. Plaintiff alleges he wanted to submit those documents to the Northern District of Texas, where his habeas petition, filed in 2017, was pending. However, plaintiff does not allege that an actionable claim was lost or rejected, that he was unable to present the substance of his claims without the documents, or that he was denied an extension of time to submit the documents themselves. Therefore, the magistrate judge correctly concluded that plaintiff's access to courts claim should be dismissed as frivolous and for failure to state a claim upon which relief may be granted. Further, plaintiff's deprivation of property claim is not

cognizable in a § 1983 action because the Texas tort of conversion provides an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

## ORDER

Accordingly, plaintiff's objections (#9) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#7) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 4th day of May, 2020.

*/s/ Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE